UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>JACQUELINE ANTICO-PIZZI<br><br>Debtor. | Chapter 7<br>Case No. 14-12761-JEB |
| WILLIAM A. BENOIT, TRUSTEE OF COLLURA TRUST,<br><br>v.<br><br>JACQUELINE ANTICO-PIZZI,<br><br>Defendant. | Adversary Proceeding<br>No. 15-01099 |

## JOINT MOTION TO ENTER STIPULATED JUDGMENT

William A. Benoit, Trustee of Collura Trust ( "**Collura Trust**"), and Jacqueline Antico f/k/a Jacqueline Antico-Pizzi ("**Antico**") (collectively, the "**Parties**") jointly move that this Court enter the Stipulated Judgment (annexed hereto as **Exhibit A**) in accordance with a certain Stipulation of Settlement (annexed hereto as **Exhibit B**).

In support of this Joint Motion, the Parties state as follows:

1. According to the Trustee's Final Report [Doc. No. 369], there is only one (1) claim which remains unresolved in this claim—claim 5-2 of the ColluraTrust ("**Collura Claim**") In total, there were seven (7) claims filed: (1) Claim 1-2 of the Internal Revenue Service (the "**IRS**"), Claim 2-2 of the Massachusetts Department of Revenue (the "**DOR**"), Claim 3 of Nan Morgart, Claim 4-5 of the Collura Trust, Claim 5-2 of Avidia Bank, Claim 6-1 of Perry Beckett,

1

805339

and Claim 7-1 of Beckett Associates, LLC. Per the Trustee's Final Report, Claim 1-2 of the IRS and Claim 2-2 of the DOR have been paid in full. Claim 3 of Nan Morgart has been satisfied by the Debtor's ex-husband in a related adversary proceeding captioned *Morgart v. Vincent Pizzi*, Adv. Proc. 15-01098, and Claim 5-2 of Avidia Bank has been resolved via an agreement for judgment in another related proceeding captioned *Avidia Bank v. Antico-Pizzi*, Adv. Proc. 15-01102, through which the Court entered an order declaring $477,355.93 of Avidia Bank's claim as non-dischargeable. Claim 6-1 of Perry Beckett and Claim 7-1 of Beckett Associates, LLC have been disallowed in full via separate Court orders. [Doc. Nos. 357, 367]. Therefore, the only unresolved claim left in this case is Claim #4-5 of the Collura Trust. .

2. On June 1, 2015, the Collura Trust commenced an adversary proceeding (AP 15-01099) asserting various grounds to bar Antico's discharge pursuant to Section 727 or have the Collura Trust Claim determined to be nondischargeable pursuant to Section 523.

3. Antico and the Collura Trust have reached an agreement to settle the Adversary Proceeding. (Exhibit B) The Collura Trust and Antico have agreed to a form of Judgment (<u>Exhibit A</u>). Pursuant to the proposed Judgment, judgment will be entered for the Collura Trust as to those counts of the Complaint remaining after the Court's Memorandum and Order on Antico's Motion to Dismiss (Docket No. 72), which asserts the debt is nondischargeable under 523 and judgment shall enter for Antico dismissing those claims which remain after the Court's Memorandum and Order on Antico's Motion to Dismiss, which asserts claims pursuant to Section 727. Antico's Obligation to the Collura Trust shall be satisfied in full a payment of One Million Dollars ($1,000,000), consisting of (a) a credit of $500,000 in accordance with a Settlement Agreement dated January 2018 by and among the Collura Trust , John W. Antico, individually, Anthony J. Antico, individually, John W. Antico, as Trustee of Antico Realty Trust, Charlesbank

805339

Estates, Inc. and George Rizzo, Trustee of the 1991 Anthony Antico Irrevocable Trust and (b) a payment of $500,000 which shall be funded by a third party related to Antico.

4. The Collura Trust and Antico request the Court enter the stipulated Judgment on the basis that the Collura Claim is the only remaining creditor whose claim has not been resolved and either paid in full, disallowed, or settled.

WHEREFORE, the Debtor Jacqueline Antico, f/k/a Jacqueline Antico-Pizzi, and William Benoit, as Trustee of Collura Trust, respectfully request their Motion be allowed and the Court enter judgment in the form annexed.

WILLIAM A. BENOIT,
TRUSTEE OF THE COLLURA TRUST

By his attorneys,

*/s/ Shannon F. Slaughter.*
Shannon F. Slaughter (BBO No. 684684)
DALTON & FINEGOLD L.L.P.
34 Essex Street
Andover, MA 01810
Telephone: (978) 269-6407
Email: sslaughter@dfllp.com

s/ Lee Harrington
Lee Harrington, Esq. (BBO#643932)
ASCENDANT LAW GROUP LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
(617) 840-2755
lh@ascendantlawgroup.com

JACQUELINE ANTICO-PIZZI

By her attorneys,

*/s/ Charles R. Bennett, Jr.*
Charles R. Bennett, Jr. (BBO No. 037380)
MURPHY & KING, P.C.
28 State Street, Suite 3101
Boston, Massachusetts 02109
Telephone: (617) 423-0400
Email: cbennett@murphyking.com

3

805339

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>JACQUELINE ANTICO-PIZZI<br><br>Debtor. | Chapter 7<br>Case No. 14-12761-JEB |
| WILLIAM A. BENOIT, TRUSTEE OF COLLURA TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JACQUELINE ANTICO-PIZZI,<br><br>Defendant. | Adversary Proceeding<br>No. 15-01099 |

## {PROPOSED} JUDGMENT

Pursuant to the Stipulation between the Plaintiff, William A Benoit, Trustee of Collura Trust (Collura Trust) and the Defendant/Debtor Jacqueline Antico f/k/a Jacqueline Antico Pizzi (Antico) the Court hereby enters the following Judgment:

(a) Judgment for the Collura Trust against Antico solely on Counts XXI, XXII and XXIII of the Complaint, determining that Antico's obligations to Collura Trust, including but not limited to, the Collura Note and Mortgage, are nondischargeable, pursuant to § 523(a)(2)(B).;

AND

(b)   Counts I through VI, IX, X, XIII, XIV and XV are hereby dismissed with prejudice and Antico is granted a discharge pursuant to § 727(a), subject to paragraph (a) above.

DATED AT BOSTON WITH SAID DISTRICT THIS        DAY OF        2022

_____

BOSTWICK, J

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>JACQUELINE ANTICO-PIZZI<br><br>Debtor. | Chapter 7<br>Case No. 14-12761-JEB |
| WILLIAM A. BENOIT, TRUSTEE OF COLLURA TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JACQUELINE ANTICO-PIZZI,<br><br>Defendant. | Adversary Proceeding<br>No. 15-01099 |

## STIPULATION BETWEEN JACQUELINE ANTICO-PIZZI AND WILLIAM A. BENOIT, TRUSTEE OF COLLURA TRUST

This stipulation of settlement (the "**Stipulation**") is entered into on this 13th day of January, 2022, by and between Antico, Jacqueline Antico-Pizzi ("**Antico**") and William Benoit as Trustee of Collura Trust ("**the Collura Trust**" and the "**Collura Trust Claim**"). Antico and the Collura Trust (sometimes collectively referred to as the "**Parties**") hereby stipulate and agree as follows:

### RECITALS

**WHEREAS**, on September 8, 2008, Antico and Vincent Pizzi, jointly and severally, executed a Promissory Note and Mortgage to the then-Trustees of Collura Trust ("Collura Note and Mortgage");

1

Doc #805202-v1

**WHEREAS**, Antico and Vincent Pizzi, jointly and severally, defaulted on the Collura Note and Mortgage;

**WHEREAS,** on June 9, 2014 (the "**Petition Date**"), Antico and Vincent Pizzi filed petitions for relief under Chapter 7 of Title 11 of the United States Code, *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Massachusetts (the "**Court**"); and

**WHEREAS,** on June 1, 2015, the Collura Trust instituted the current adversary proceeding by filing a twenty-six count complaint (the "**Complaint**") against Antico seeking to bar her discharge pursuant to the provisions of 11 U.S.C. § 727 and declare Antico's debts to the Collura Trust non-dischargeable debts pursuant to 11 U.S.C. § 523; and

**WHEREAS,** Collura Trust also instituted an adversary proceeding against Vincent Pizzi in Docket No. 15-01097 seeking to bar his discharge pursuant to the provisions of 11 U.S.C. § 727 and declare Pizzi's debts to the Collura Trust non-dischargeable debts pursuant to 11 U.S.C. § 523;

**WHEREAS,** on August 14, 2015, Antico filed an answer (the "**Answer**") to the Complaint, denying its substantive allegations and asserting various affirmative defenses; and

**WHEREAS,** on December 20, 2019, Antico filed a motion to dismiss (the "**Motion to Dismiss**"). On January 15, 2020, the Collura Trust filed his opposition to the Motion to Dismiss (the "**Opposition**").

**WHEREAS,** on August 19, 2021, after considering the Motion to Dismiss, the Opposition and agreement of counsel, the Court issued a memorandum and order (the "**Order**") on the Motion to Dismiss, dismissing certain of the claims under section 727 and Section 523 but

2

denying the Motion to Dismiss as to claims under Section 727(a)(4)(A), Section 727(a)(5) and Section 523 (a)(2)(B), and

**WHEREAS**, the Parties have engaged in discussions and exchanged information regarding these claims and Antico's various defenses to those claims; and

**WHEREAS**, in order to avoid the costs, delays, and uncertainty of continued litigation and trial, the Parties have agreed to settle their disputes pursuant to the terms of this Stipulation.

**NOW THEREFORE**, the Parties (specifically excluding Vincent Pizzi) hereby stipulate and agree as follows:

1. **Judgment** The Following Judgment Shall enter**:**

   (a) Judgment shall enter for the Collura Trust against Antico solely on Counts XXI, XXII and XXIII of the Complaint, determining that Antico's obligations to Collura Trust, including but not limited to, the Collura Note and Mortgage, are nondischargeable, pursuant to § 523(a)(2)(B). (hereinafter, the "**Antico Obligations**");AND

   (b) The parties hereby stipulate to the dismissal of Counts I through VI, IX, X, XIII, XIV and XV, with prejudice and an Order shall enter granting Antico a discharge pursuant to § 727(a) .Notwithstanding the forgoing, the dismissal of these claims shall have no preclusive effect on Collura Trust's claims against Vincent Pizzi

2. **Settlement** On the Effective Date (as defined herein), in full and complete satisfaction of only the Antico Obligations and any and all other claims of Collura Trust may have against Antico, Jacqueline Antico, shall pay One Million

3

Dollars and 00/100 ($1,000,000.), to the Collura Trust consisting of the following(collectively, the "**Settlement Amount**"):

(a) A payment of five hundred thousand dollars and 00/100 ($500,000.00) from funds provided to Antico by a related third party to be made via electronic wire to counsel for Collura Trust (wiring instructions to be provided by counsel for Collura Trust) within seven (7) days of the Effective Date; and

(b) A credit of $500,000 in accordance with a Settlement Agreement dated January 2018 by and among the Collura Trust, John W. Antico, individually, Anthony J. Antico, individually, John W. Antico, as Trustee of Antico Realty Trust, Charlesbank Estates, Inc.and George Rizzo, Trustee of the 1991 Anthony Antico Irrevocable Trust.

(c) The Settlement Amount shall satisfy the Antico Obligation to Collura Trust and any and all claims Collura Trust may have against Antico. This Stipulation shall not relieve, discharge, waive or otherwise release Vincent Pizzi from his obligations to Collura Trust including but not limited to those set forth in the Collura Trust Note and Mortgage, under which he is jointly and severally liable irrespective of this Stipulation between Collura Trust and Antico.

3. **Effective Date** The Effective Date shall be upon the entry of an Order by the United States Bankruptcy Court for the District of Massachusetts, entering the Judgment set forth above and the expiration of fourteen days without an Appeal or the final resolution of any Appeal from Judgments entered in accordance with this Stipulation and the granting to Antico of her discharge. Upon the payment of the Settlement Amount, the Collura Trust shall mark the Judgment satisfied and return same to

4

Antico and dismiss with prejudice any and all actions brought by the Collura Trust against Antico, including any action pending in the Superior Court of the Commonwealth of Massachusetts.

4. **General Release**  Upon the payment of the Settlement Amount and for other valuable consideration set forth herein, the Collura Trust, individually and as Trustee of the Collura Trust, and for the beneficiaries of the Collura Trust and their predecessors, successors, and assigns ("**Releasing Parties**") release Antico, her predecessors, successors, affiliates, and assigns from all claims of any kind whatsoever, whether presently known or unknown, asserted or unasserted, under the laws of any jurisdiction, which the Collura Trust ever had, now has, or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Stipulation. The Release described in this paragraph is intended to be a general release. Notwithstanding the above, nothing herein is intended to nor shall it be deemed to release Vincent Pizzi from any and all obligations to Collura Trust.

5. **General Release**  Upon the payment of the Settlement Amount and for other valuable consideration set forth herein, Antico, her predecessors, successors, assigns, and agents ("**Releasing Parties**") release the Collura Trust, individually and as Trustee of the Collura Trust and its beneficiaries and their predecessors, successors, agents and assigns, from all claims of any kind whatsoever, whether presently known or unknown, asserted or unasserted, under the laws of any jurisdiction, which it ever had, now has, or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this

5

Stipulation. The Release described in this paragraph is intended to be a general release.

6. **Nondisparagement**. The Collura Trust agrees that he will not, directly or indirectly, in any capacity, for a period of five years after the date of this Stipulation, make any disclosure, issue any public statements or otherwise cause to be disclosed any information concerning action concerning, intended, or might reasonably be anticipated to disparage Antico. Nothing in this paragraph shall be construed as prohibiting The Collura Trust from providing truthful testimony, responding to a subpoena, or cooperating with any government official or agency, or from truthfully communicating with any government official or agency.

7. **Who is Bound** This Stipulation, together with the general release contained herein, shall be binding upon and inure to the benefit of the Parties, and each of them, and each and all of their respective predecessors agents, servants, affiliates and successors, as well as beneficiaries of the Collura Trust and their successors and assignees. Vincent Pizzi is expressly excluded from this Stipulation. Nothing in this Stipulation nor any entry of any order approving the Stipulation and /or entering judgment for or against either party in this adversary proceeding shall have a preclusive effect on Collura Trust's claims against Vincent Pizzi

8. **Dispute Resolution.** The Parties agree that, at all times, they will attempt in good faith to resolve all disputes that may arise out of this Stipulation. If the Parties are unable to resolve any dispute that may arise through good faith negotiations, the Parties agree that such dispute shall be exclusively and finally resolved by the United States Bankruptcy Court for the District of Massachusetts.

6

Doc #805202-v1

9. **Governing Law**. This Stipulation is made pursuant to, and shall be construed and enforced in accordance with, the Laws of the Commonwealth of Massachusetts, the United States Bankruptcy Code, and the Laws of the United States of America, without giving effect to otherwise applicable principles of conflicts of Law

10. **Complete Agreement**. This Stipulation sets forth the entire agreement and understanding of the Parties hereto with respect to the transactions contemplated hereby, and supersede all prior agreements, arrangements and understandings related to the subject matter hereof. No representation, promise, inducement or statement of intention has been made by any Party hereto which is not embodied in this Stipulation, and no Party hereto shall be bound by or liable for any alleged representation, promise, inducement or statement of intention not so set forth.

11. **Counterparts**. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Stipulation shall be binding when one or more counterparts hereof, individually or taken together, shall bear the signatures of all Parties reflected hereon as signatories.

12. **Authority**. The Parties acknowledge and represent they each have full and complete authority to execute this Stipulation of Settlement. The Collura Trust expressly warrants and represents he has obtained all of the necessary consents required by the terms of the Collura Trust to execute this Stipulation of Settlement on behalf of the Collura Trust.

13. **Electronic Execution and Delivery**. A facsimile, telecopy, electronic mail, PDF, or DocuSign or similar electronic means or other reproduction of this Agreement may be executed by one or more Parties hereto, and an executed copy of this Agreement

7

may be delivered by one or more Parties hereto by facsimile or similar electronic transmission device pursuant to which the signature of or on behalf of such Party can be seen, and such execution and delivery shall be considered valid, binding and elective for all purposes.

14. **Independent Representation**. The parties acknowledge and agree that (i) they have received or have had the opportunity to receive independent legal counsel of their own choice and that they have been sufficiently apprised of their rights and responsibilities with regard to the substance of this Stipulation and (ii) this Stipulation was drafted with the joint participation of Parties and their respective counsel and shall be construed neither against nor in favor of either Party.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be duly executed as of the date first above written.

_____
Jacqueline Antico f/k/a
Jacqueline Antico-Pizzi

_____
William Benoit as Trustee of
Collura Trust

8

Doc #805202-v1

| | |
|---|---|
| JACQUELINE ANTICO-PIZZI<br><br>By her attorneys,<br><br>*/s/ Charles R. Bennett, Jr.*<br>Charles R. Bennett, Jr. (BBO No. 037380)<br>MURPHY & KING, P.C.<br>28 State Street, Suite 3101<br>Boston, Massachusetts 02109<br>Telephone: (617) 423-0400<br>Email: cbennett@murphyking.com | WILLIAM BENOIT AS TRUSTEE OF COLLURA TRUST<br><br>By his attorney,<br><br>*/s/ Shannon F. Slaughter*<br>Shannon F. Slaughter, Esq. (BBO No. 684684)<br>DALTON & FINEGOLD, LLP<br>34 Essex Street<br>Andover, MA 01810<br>Telephone: (978) 269-6407<br>Email: sslaughter@dflp.com<br><br>And<br><br>/s/ Lee Harrington<br>Lee Harrington, Esq. (BBO#643932)<br>ASCENDANT LAW GROUP LLC<br>2 Dundee Park Drive, Suite 102<br>Andover, MA 01810<br>(617) 840-2755<br>lh@ascendantlawgroup.com |

Doc #805202-v1